SARAH TEFFT *v.* CHARLES F. TILLINGHAST, Administrator.

A legacy to J. C. B. of " all the balance of my books, furniture, &c., and the income of the value of my stock for ten years; after the lapse of ten years my stock in the foundry shall become the property of the Art Association," does not, by virtue of the &c., pass to J. C. B. all the residue of the testator's personalty, but only his books and furniture, and things *ejusdem generis;* and hence, *it was held,* that though the &c. carried to J. C. B. a piece of statuary, photograph views, drawings and portfolios, it did not include articles of wearing apparel, and of personal ornament and use.

THIS was an appeal by the heirs at law of the late Thomas A. Tefft, architect, of Providence, from a decree of the Municipal Court of the City of Providence, exercising probate jurisdiction, allowing the account of the administrator, with the will annexed, on said Tefft's estate. The item of the account objected to was

that in which the administrator credits himself with delivering over to James C. Bucklin, Lucy D. Bucklin and Loraine P. Bucklin, all the residue of the inventory, (excepting the stocks,) as bequeathed to them absolutely for their own use, at the appraisal. These consisted, it appeared, of a shawl, cape, traveling bag, scarfs, gloves, suspenders, gold ring, sleeve buttons, small pin, hats and cases, a box of shells, drawings, portfolios, knife, gold pencil, a piece of statuary, thirteen cases of medallions, photographic views and stationery. These were of no great value; but his heirs at law, on the one side, and his most intimate friends, the Bucklins, on the other, each desired some of them, as personal memorials of the deceased. The heirs at law claimed them as intestate property; and the administrator claimed that he had properly delivered them to James C. Bucklin, and with his authority, to Lucy D. and Loraine P. Bucklin, under the following clause in said Tefft's will, made by him in his own hand-writing, on the 11th day of December, 1856:—

" All the balance of my books, furniture, &c., and the income of the value of my stock for ten years, to James C. Bucklin; after the lapse of ten years, my stock in the foundry shall become the property of the Rhode Island Art Association, provided the directors of that institution shall carry out the true intention of the prospectus of that institution."

*E. R. Potter, for the heirs at law.*
*James Tillinghast, for the administrator.*

BRAYTON, J. The objection to the account rendered by the administrator is, that he has charged therein certain articles of personal property as delivered to James C. Bucklin, one of the legatees under the will, which, it is objected, were not bequeathed to him, nor bequeathed at all in the will, and which the heirs at law now claim as theirs. Bucklin claims as legatee, under the gift following: " All the balance of my books, furniture, &c., and the income of the value of my stock, for ten years, to James C. Bucklin; after the lapse of ten years, my stock in the foundry shall become the property of the Art Association," &c. The articles in question do not fall within the description of books or

furniture. They are, among other things, a box of shells, pho-
tographic views, cases of medallions, and articles of wearing
apparel. They are claimed by the legatee as passing under the
words, "books, furniture, &c.," which, by supplying the words
represented, are simply "books, furniture, and *other things.*" It
is claimed, that by this language, the testator intended to give
all the residue of his personal property not before disposed of.
Had this language stood alone in this last clause of the will, the
construction now claimed would, we think, be naturally given to
it. It is language which a testator, intending to dispose of the
residue of all his property, consisting wholly of personalty, might
properly use. The words following, in the same clause, stand in
the way of that construction, and show that the testator did not
understand that, by these words, he had disposed of all his estate.
He proceeds to add to this *balance*, in the gift to Bucklin, the
income, for ten years, of his stock in the foundry, and then gives
the stock itself to the Art Association.

Although by the words, "other things," all his remaining
personal property was not understood, by the testator, to have
been given to this legatee, yet some things were intended to pass
beside books and furniture; and the enquiry is, if not all other
things, what other things the testator intended? In *Trafford* v.
*Berrige*, 1 Eq. Cas. Abr. 201. pl. 14, where the testator be-
queathed to his niece, "all his goods, chattels, household stuff,
and other things which should be at his house at A," it was held,
that "other things" included only things of a like nature and
species with those before specified, and did not include cash
found there. In *Hotham* v. *Sutton*, 15 Vesey, 319, where the
testatrix gave to her daughter all the plate, linen, household
goods, and other effects, money excepted, Lord Eldon considered
it settled, that the words "other effects," following articles
specified, in general, included such things only as were *ejusdem
generis;* but held, that the exception of "money" showed that the
words were used in their most extended sense, as, otherwise, the
exception would have been unnecessary. In *Cook* v. *Oakley*, 1 P.
Wms. 302, the testator being at sea, and having before given away
some articles, gave to F. G. who was with him, his "red box, arrack,
and all things not before bequeathed;" it was held, that a leasehold,

which he did not know he was entitled to, did not pass, not being *ejusdem generis* with the articles enumerated. In *Bennet* v. *Batchelor*, 3 Bro. Ch. Cas. 29, the words were, " all my household goods, books, linen, wearing apparel, and all other, not before bequeathed, goods and chattels that I shall be possessed of at the day of my decease, except the plate and legacies before and hereafter given and bequeathed." This was followed by a bequest to the same legatee of moneys due from his tenants. Lord Thurlow held, that the whole residue passed by the bequest; and observed, that the testator might not know that the debts passed by the words, " goods and chattels." In *Fleming* v. *Burrows*, 1 Russ. 276, in which the words were very similar, and to which were added, " also, all my shipping and ropery at W. and H.," it was held, that the general words were not restricted by the added gift. But in cases of a like gift, followed by a bequest to other persons of personal property comprehended by the general words, it was held, that the general residue did not pass, but the general words were restricted to articles *ejusdem generis*. *Rawlings* v. *Jennings*, 13 Vesey, 39. In cases where after gifts are made to other persons, the remarks of Lord Thurlow, in *Bennet* v. *Batchelor*, seem to be inappropriate; since they proceed upon the notion that the testator intended, that, either by the general words, or by the more specific gift, everything should pass to the same person. The gifts over to other persons show clearly that the testator both knew, and intended, that everything should not pass under the more general words.

Nothing passes to the legatee, Bucklin, under the clause recited, unless it fall within the description of books or furniture, or is of a like nature and species with the one or the other. We do not see that more of the articles claimed could properly pass to him, or be held to be of the nature or species of books or furniture, than the statuary, the photographic views, the drawings and the portfolios. The residue must be held not to have been bequeathed, but to have passed to the heirs at law of the testator.